United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GLASSMAN, MORRIS JACOBS, MICHAEL HALL, IGNACIA REYES,<br><br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO CITY & COUNTY, ELSON HAO, JIM WACHOB, ALAN DeGUZMAN, TOM HIDAYAT,<br><br>Defendants. | No. C 06-02304 WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

In this employment-discrimination action, defendants move to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants, the City and County of San Francisco and four city employees, make this motion on the grounds that plaintiffs' claims are barred by the statute of limitations. This order finds that plaintiffs' claims accrued more than one year prior to the filing of their complaint, and that plaintiffs have not alleged sufficient facts to support equitable estoppel of the time bar. Accordingly, defendants' motion is **GRANTED**.

**STATEMENT**

Plaintiffs Richard Glassman, Morris Jacobs, Michael Hall and Ignacia Reyes were applicants for positions as electrical transit system mechanics ("7371 positions") in the maintenance division of the San Francisco's Municipal Transportation Agency ("MUNI"). Plaintiff Glassman applied for a 7371 position in June 2000 and was disqualified in November 2000, purportedly on grounds that he failed to provide a written verification of his prior work experience (First Amd. Compl. ¶ 6). Plaintiff Jacobs' application for a 7371 position was similarly rejected in October 2000 on grounds that he failed to provide a written verification of his work history (*id*. at ¶ 7). Plaintiff Reyes' application for a 7371 position was also allegedly rejected in November 2000 for failure to provide a written verification of work experience (*id*. ¶ 9). Plaintiff Hall applied for a 7371 position in October 2000 and allegedly never received notification that his application was rejected (*id*. ¶ 8).

Plaintiffs alleged that defendants discriminated on the basis of race by giving preferential treatment to Asian and Filipino applicants for the 7371 positions. In 2001, defendants purportedly hired several Asian and Filipino applicants who did not meet the minimum qualifications for the job. Plaintiffs also contended that defendants modified the requirments for 7371 positions in late 2000, purportedly to make it easier to hire candidates who were Asian or Filipino. Plaintiff also alleged that defendants failed to provide sufficient information about the 7371 positions and the requirements for the positions to non-Asian and non-Filipino candidates.

This action is related to and contains similar allegations to an earlier-filed action pending before this Court, *Lukovsky, et al. v. City and County of San Francisco, et al.*, 05-00389-WHA. On January 17, 2006, this Court issued an order in that action denying class certification. The claims were thus to proceed individually. The January order, however, allowed the Lukovsky plaintiffs' counsel to send letters to other individuals who would potentially have similar claims against the city and county, so that all such claims could be tried by the same judge.

2

The four plaintiffs in this action responded to the letters of counsel, and chose to be jointly represented by the Lukovsky plaintiffs' counsel. Plaintiffs identified the letter from *Lukovsky* counsel as the event that notified them of the potential for an action.

Plaintiffs in this action filed their complaint on March 31, 2006, alleging the above acts of discrimination under 42 U.S.C 1981, 1983, 1985, and 1986. Plaintiffs subsequently filed an amended complaint on June 14, 2006. Defendants now move to dismiss this action.[1]

**ANALYSIS**

A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). On the other hand, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

**1.    STATUTE OF LIMITATIONS.**

Defendants move to dismiss all of plaintiffs' claims on grounds that the claims are time-barred under the relevant statute of limitations.

"Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (internal citations omitted).

**A.    Applicable Limitations Period.**

Where, as here, the relevant statutes do not contain their own statutes of limitations, "courts borrow the most appropriate state statute of limitations." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004). Section 1981 was amended in 1990 so as to include a four-year limitations period for certain actions. This limitations period, however, does not apply to those actions which were cognizable under the pre-1990 version of Section 1981. *Id*.

---

[1] This Court issued an order in the *Lukovsky* action on July 17, 2006, granting partial summary judgment to defendants with respect to similar legal issues relating to the statute of limitations. That order is useful as a reference, but does not control the outcome in this separate action.

3

at 974 n. 5 (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004)). Plaintiffs' Section 1981 claim for failure to hire would have been cognizable under the pre-1990 version. *See, e.g.*, *Patterson v. McLean Credit Union*, 491 U.S. 164, 180–82 (1989).

Accordingly, the appropriate California statute of limitations must be adopted for plaintiffs' claims under Sections 1981, 1983, 1985, and 1986. Courts have deemed the statute of limitations for personal-injury claims to be appropriate for these civil-rights statutes. *See, e.g.*, *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) ("California's one-year statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985"); *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006). California amended its statute of limitations for personal injury claims from one to two years in January 2003. *Compare* Cal. Code Civ. Proc. § 340(3) *with* Cal. Code Civ. Proc. § 355.1. The modified statute, however, applies only to acts occurring after January 2003. *See, e.g.*, *Guerrero*, 442 F.3d at 705 n. 32.[2] Plaintiffs claims, therefore, must satisfy the one-year statute of limitations provided for in Section 340(3).

**B.   Accrual.**

The remaining issues are whether plaintiffs' claims accrued more than one year before they filed their initial complaint, March 31, 2006 and, if so, whether the limitations defense is nevertheless equitably estopped.

"Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (internal citation omitted). "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Ibid.* (internal citation omitted). "[I]nquiry for purposes of determining when the limitations period begins to run must center on the date when the employee has notice of the unlawful act." *Aronsen v. Crown*

---

[2] To be clear, there is no question that the allegedly discriminatory *acts* occurred in 2000. This is a separate issue from when plaintiffs' claims *accrued*, which is addressed *infra*.

4

1  *Zellerbach*, 662 F.2d 584, 593 (9th Cir. 1981); *see also Azer v. Connell*, 306 F.3d 930, 936

2  (9th Cir. 2002) (internal citation omitted).[3]

3        Plaintiffs argue that their claims did not accrue until February 3, 2006, the date they

4  received a letter from counsel in the *Lukovsky* action about the nature of that action.  This order

5  finds otherwise.

6        The claims of plaintiffs Glassman, Jacobs and Reyes all accrued in October or

7  November 2000.  Each of these three plaintiffs was formally notified of the rejection of their

8  application at that time.  Each of these three plaintiffs was told at that time of the basis for their

9  rejection, failure to provide a written verification of their work history.  The notification letters

10 served as a final statement of Muni's position with respect to these plaintiffs' job applications.

11 *See Olsen*, 363 F.3d at 927 ("We hold that Olsen's claim accrued when she received the

12 February 4, 1999 letter notifying her of the Board's proposal to deny her license reinstatement.

13 The letter was 'adequately final and represented the [Board's] official position'") (internal

14 citation omitted).

15       There is less precision as to the date on which plaintiff Hall's claim accrued.  As stated

16 above, Hall allegedly never received any notification from MUNI that his 7371 application was

17 rejected.  The lack of a formal notification letter, however, does not yield a meaningfully

18 different accrual date.  It is reasonable to assume that Hall was aware that MUNI selected

19 another candidate for the 7371 position by 2001, the time by which a successful candidate for

20 the 7371 position would have begun work.  Plaintiff Hall knew or should have known by early

21 2001 that MUNI had taken the final position of denying his application.

22       Each of the plaintiffs' claims, therefore, accrued at least five years prior to the filing of

23 their complaint — well in excess of the one-year limitations period.

24       **C.**     **Equitable Estoppel.**

---

[3] Plaintiffs argue that under *Vaughan v. Grijalva*, 927 F.2d 476, 480 (9th Cir. 1991), courts use state law for the question of when they should have known of the existence of their claims.  Under California law, plaintiffs suggest, accrual is determined by the "discovery rule" — the date on which plaintiffs knew or should have know of their injury.  Under *Olsen*, *supra*, it is an inaccurate statement of law that the accrual analysis in federal court "borrows" from state law.  Yet the distinction is academic.  Federal law builds in this "discovery rule," as was explained clearly by the Seventh Circuit in *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990), a case relied upon by both parties.

5

1  Absent equity, plaintiffs' claims were time barred by late 2001 or early 2002.

2  "In civil rights suits, this court applies state tolling rules as long as they 'are not
3  inconsistent with federal law.'" *Guerrero v. Gates*, 442 F.3d 697, 706 n. 34 (9th Cir. 2006)
4  (internal citation omitted). "Equitable estoppel, also termed fraudulent concealment, halts the
5  statute of limitations when there is 'active conduct by a defendant, above and beyond the
6  wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in
7  time.'" *Id.* at 706 (internal citation omitted). Under California law, the elements of equitable
8  estoppel are:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

*Honig v. San Francisco Planning Dep't*, 127 Cal. App. 4th 520, 529 (2005); *see also Lantzy v. Centex Homes*, 31 Cal. 4th 363, 383 (2003).

Plaintiffs have pled insufficient facts in their amended complaint to support the application of equitable estoppel. Plaintiffs did allege that defendants knew of the discrimination. Plaintiffs also alleged that they were unaware of the purported discrimination until they received notice from counsel in the *Lukovsky* action. They have thus adequately alleged, at least for purposes of a motion to dismiss, the first and third factors of equitable estoppel.

Plaintiffs, however, did not adequately allege misrepresentations by defendants upon which plaintiffs relied, or upon which defendants intended to induce reliance, such that plaintiffs were inhibited from investigating and bringing the instant lawsuit sooner. Plaintiffs contend only that defendants induced them not to sue by informing plaintiffs that they had "no right to appeal" the negative hiring decisions (Opp. 10; First Amd. Compl. ¶¶ 23, 39). This is not the type of misrepresentation that satisfies the test for estoppel. Defendants misrepresentations or conduct must have "*actually and reasonably induced plaintiffs to forbear suing.*" *Lantzy*, 31 Cal. 4th at 385 (emphasis in original). Even if plaintiffs could have appealed the hiring determination, such an administrative appeal would not have "obviated the

6

need for suit" on grounds of racial discrimination. *Ibid*; *see also Vu v. Prudential Property & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1152 (2001) ("a denial of coverage, even if phrased as a 'representation' that the policy does not cover the insure's claim, or words to that effect, offers no grounds for estopping the insurer from raising a statute of limitations defense").

\*     \*     \*

As currently iterated, plaintiffs' claims are time barred. Plaintiffs must allege more to avoid dismissal of claims that accrued five years before the filing of their complaint. This order grants plaintiffs a further opportunity to amend the complaint so as to plead sufficient allegations of equitable estoppel. This will be plaintiffs' final opportunity to amend. Defendants are, of course, entitled to move to dismiss plaintiffs' amended complaint on limitations grounds, as well as on the other grounds raised in their current motion to dismiss not addressed by this order.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**. Plaintiffs must file their amended complaint within one week of this order.

**IT IS SO ORDERED.**

Dated: July 31, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE