IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GLASSMAN, MORRIS JACOBS, MICHAEL HALL, IGNACIA REYES,<br><br>Plaintiffs,<br><br>v.<br><br>SAN FRANCISCO CITY & COUNTY, ELSON HAO, JIM WACHOB, ALAN DeGUZMAN, TOM HIDAYAT,<br><br>Defendants.<br>_____ / | No. C 06-02304 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING HEARING** |

### INTRODUCTION

In this employment-discrimination action, defendants move to dismiss plaintiffs' twice-amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants, the City and County of San Francisco and four city employees, again move on the grounds that plaintiffs' claims are barred by the statute of limitations. This order finds that plaintiffs' claims accrued well more than one year prior to the filing of their complaint, and that plaintiffs have still not alleged sufficient facts to support a theory of equitable estoppel of the time bar. Accordingly, defendants' motion is **GRANTED**. As plaintiffs have been given ample opportunity to cure the deficiencies in their complaint, this dismissal is with prejudice.

### STATEMENT

Plaintiffs Richard Glassman, Morris Jacobs, Michael Hall and Ignacia Reyes were applicants for positions as electrical transit system mechanics ("7371 positions") in the

1  maintenance division of the San Francisco's Municipal Transportation Agency ("MUNI").
2  Plaintiff Glassman applied for a 7371 position in June 2000 and was disqualified in November
3  2000, purportedly on grounds that he failed to provide a written verification of his prior work
4  experience (Second Amd. Compl. ¶ 6). Plaintiff Jacobs' application for a 7371 position was
5  similarly rejected in October 2000 on grounds that he failed to provide a written verification of
6  his work history (*id*. at ¶ 7). Plaintiff Reyes' application for a 7371 position was also allegedly
7  rejected in November 2000 for failure to provide a written verification of work experience
8  (*id*. ¶ 9). Plaintiff Hall applied for a 7371 position in October 2000 and allegedly never
9  received notification that his application was rejected (*id*. ¶ 8).

10        Plaintiffs alleged that defendants discriminated on the basis of race by giving
11  preferential treatment to Asian and Filipino applicants for the 7371 positions. In 2001,
12  defendants purportedly hired several Asian and Filipino applicants who did not meet the
13  minimum qualifications for the job. Plaintiffs also contended that defendants modified the
14  requirements for 7371 positions in late 2000, purportedly to make it easier for candidates who
15  were Asian or Filipino. Plaintiffs also alleged that defendants failed to provide sufficient
16  information about the 7371 positions and the requirements for the positions to non-Asian and
17  non-Filipino candidates.

18        This action is related to and contains similar allegations to an earlier-filed action,
19  *Lukovsky, et al. v. City of San Francisco, et al.*, Case No. C 05-00389 WHA. On January 17,
20  2006, this Court issued an order in that action denying class certification in the *Lukovsky* action.
21  The claims were thus to proceed individually. The January 17 order, however, allowed the
22  *Lukovsky* plaintiffs' counsel to send letters to other individuals who would potentially have
23  similar claims against the city and county, so that all such claims could be tried by the same
24  judge. The *Lukovsky* action was terminated on August 14, 2006, pursuant to the parties'
25  stipulated dismissal and judgment.

26        The four plaintiffs in *this* action responded to the letters of *Lukovsky* counsel, and chose
27  to be jointly represented by her. Plaintiffs here have identified the letter from *Lukovsky* counsel
28  as the event that notified them of the potential for an action.

2

Plaintiffs filed their complaint on March 31, 2006, alleging the above acts of discrimination under 42 U.S.C 1981, 1983, 1985, and 1986. Plaintiffs subsequently filed an amended complaint on June 14, 2006. On July 31, 2006, this Court issued an order dismissing plaintiffs' action without prejudice. The July 31 order found that all four of plaintiffs' claims were time-barred under the applicable one-year statute of limitations under these civil-rights statutes. The July 31 order concluded (July 31 Order at 7):

> Plaintiffs must allege more to avoid dismissal of claims that accrued five years before the filing of their complaint. This order grants plaintiffs a further opportunity to amend the complaint so as to plead sufficient allegations of equitable estoppel. This will be plaintiffs' final opportunity to amend.

On August 8, 2006, plaintiffs filed a second amended complaint. The second amended complaint only added two paragraphs to the first amended complaint, expanding on their contention that they relied on defendants' misrepresentations about the qualifications for the 7371 positions in failing to bring this action for over five years (Second Amd. Compl. ¶¶ 22, 39). Defendants now move to dismiss the second amended complaint.[1]

**ANALYSIS**

A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). On the other hand, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). A court has discretion to grant dismissal without leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). That discretion is "particularly broad" where, as here, a court has previously given a party the opportunity to amend. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).

---

[1] In addition to the July 31 order issued in this action, this Court also issued an order in the *Lukovsky* action on July 17, 2006, granting partial summary judgment with respect to similar limitations issues. That order is useful as a reference, but does not control the outcome in this separate action.

3

Defendants move to dismiss all of plaintiffs' claims on grounds that the claims are time-barred under the relevant statute of limitations. Much of this analysis is similar to that contained in the July 31 order, given that plaintiffs' second amended complaint added little to the first amended complaint.

"Dismissal on statute of limitations grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (internal citations omitted).

### 1. APPLICABLE LIMITATIONS PERIOD.

The parties agree that the applicable statute of limitations is one year. Where, as here, the relevant statutes do not contain their own statutes of limitations, "courts borrow the most appropriate state statute of limitations." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004).[2] Accordingly, the appropriate California statute of limitations must be adopted for plaintiffs' claims under Sections 1981, 1983, 1985, and 1986. Courts have deemed the statute of limitations for personal-injury claims to be appropriate for these civil-rights statutes. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir. 1993) ("California's one-year statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985"); *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006). California amended its statute of limitations for personal injury claims from one to two years in January 2003. *Compare* Cal. Code Civ. Proc. § 340(3) *with* Cal. Code Civ. Proc. § 355.1. The modified statute, however, applies only to acts occurring after January 2003. *See, e.g.*, *Guerrero*, 442 F.3d at 705 n. 32.[3] Plaintiffs' claims, therefore, must satisfy the one-year statute of limitations provided for in Section 340(3).

---

[2] Section 1981 was amended in 1990 so as to include a four-year limitations period for certain actions. This limitations period, however, does not apply to those actions which were cognizable under the pre-1990 version of Section 1981. *Id.* at 974 n. 5 (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004)). Plaintiffs' Section 1981 claim for failure to hire would have been cognizable under the pre-1990 version. *See, e.g.*, *Patterson v. McLean Credit Union*, 491 U.S. 164, 180–82 (1989).

[3] To be clear, there is no question that the allegedly discriminatory *acts* occurred in 2000. This is a separate issue from when plaintiffs' claims *accrued*, which is discussed *infra*.

4

### 2. WHEN PLAINTIFFS' CLAIMS ACCRUED.

The remaining issues are whether plaintiffs' claims accrued more than one year before they filed their initial complaint on March 31, 2006 and, if so, whether defendants are nevertheless equitably estopped from relying on the limitations defense.

"Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004) (internal citation omitted). "[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Ibid.* (internal citation omitted). "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000)); *see also Aronsen v. Crown Zellerbach*, 662 F.2d 584, 593 (9th Cir. 1981) ( "inquiry for purposes of determining when the limitations period begins to run must center on the date when the employee has notice of the unlawful act").[4]

Plaintiffs argue that their claims did not accrue until February 3, 2006, the date that they received a letter from counsel in the *Lukovsky* action about the nature of those proceedings. This order again finds otherwise.

The claims of plaintiffs Glassman, Jacobs and Reyes all accrued in October or November 2000. Each of these plaintiffs was formally notified of the rejection of their application at that time. All three of these plaintiffs were told the basis for rejection during at that time, which was failure to provide a written verification of relevant work history. The notification letters served as a final statement of Muni's position with respect to these plaintiffs' job applications. *See, e.g.*, *Olsen*, 363 F.3d at 927 ("We hold that Olsen's claim accrued when she received the February 4, 1999 letter notifying her of the Board's proposal to deny her

---

[4] Plaintiffs appear to have dropped their argument from the earlier motion to dismiss that under *Vaughan v. Grijalva*, 927 F.2d 476, 480 (9th Cir. 1991), federal courts use state law for the question of when a plaintiff should have known of the existence of their claims. As explained in the July 31 order, under *Olsen*, it is an inaccurate statement of law that the accrual analysis in federal court "borrows" from state law. In any event, the distinction is academic. Federal law builds in this "discovery rule," as was explained clearly by the Seventh Circuit in *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990), a case that has been relied upon by both parties.

5

license reinstatement. The letter was 'adequately final and represented the [Board's] official position'") (internal citation omitted).

Although there is less precision as to the date on which plaintiff Hall's claims accrued, there is no doubt that they accrued years before plaintiffs' initial complaint in this action. As stated above, Hall alleged that he never received any notification from MUNI that his 7371 application was rejected. The lack of a formal notification letter, however, does not yield a meaningfully different accrual date than the other plaintiffs. It is reasonable to assume that Hall was aware that MUNI selected another candidate for the 7371 position by 2001, the time by which a successful candidate for the 7371 position would have begun working for MUNI. Plaintiff Hall knew or should have known by early 2001 that MUNI had taken the final position of denying his application.

Each of the plaintiffs' claims, therefore, accrued at least *five* years prior to the filing of their complaint — well in excess of the one-year limitations period. Plaintiffs' argument that they did not know until other related plaintiffs filed a complaint, flies in the face of the purpose of having statutes of limitations. If claims did not accrue until similarly situated individuals brought suit, the statute of limitations could be tolled virtually indefinitely until the first plaintiff exerted marginal diligence in bringing the claims to light, rendering defendants permanently subject to possible suit. Here, plaintiffs have not alleged that they exerted *any* effort to investigate their purported claims, despite knowing for years of the rejection of their 7371 applications.

### 3. EQUITABLE ESTOPPEL.

Thus, absent equitable repose, plaintiffs' claims were time barred by late 2001 or early 2002. Plaintiffs are correct that "[i]n civil rights suits, this court applies state tolling rules as long as they 'are not inconsistent with federal law.'" *Guerrero v. Gates*, 442 F.3d 697, 706 n. 34 (9th Cir. 2006) (internal citation omitted). "Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is 'active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff

from suing in time.'" *Id.* at 706 (internal citation omitted). Under California law, the elements of equitable estoppel are:

> (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury.

*Honig v. San Francisco Planning Dep't*, 127 Cal. App. 4th 520, 529 (2005); *see also Lantzy v. Centex Homes*, 31 Cal. 4th 363, 383 (2003). Plaintiffs here pled insufficient facts in their second amended complaint to support any possible application of equitable estoppel.

Plaintiffs did allege that defendants knew of the discrimination. Plaintiffs also alleged that they were unaware of the purported discrimination until they received notice from counsel in the *Lukovsky* action. They have thus satisfied the first and third factors of equitable estoppel under California law.

Plaintiffs, however, still have not identified any relevant misrepresentations by defendants upon which plaintiffs relied, or upon which defendants intended to induce reliance, such that plaintiffs were inhibited from investigating and bringing the instant lawsuit sooner than in five years.

Plaintiffs contend that defendants induced them not to sue by informing plaintiffs that they had "no right to appeal" the negative hiring decisions. This is not the type of misrepresentation that satisfies the test for equitable estoppel. Defendants' misrepresentations or conduct must have "*actually and reasonably induced plaintiffs to forbear suing*." *Lantzy*, 31 Cal. 4th at 385 (emphasis in original). Even if plaintiffs could have appealed the hiring determination, such an administrative appeal would not have "obviated the need for suit" on grounds of racial discrimination. *Ibid*; *see also Vu v. Prudential Property & Cas. Ins. Co.*, 26 Cal. 4th 1142, 1152 (2001) ("a denial of coverage, even if phrased as a 'representation' that the policy does not cover the insure's claim, or words to that effect, offers no grounds for estopping the insurer from raising a statute of limitations defense").

Plaintiffs also make the untenable argument that defendants are equitably estopped because they misrepresented the "fact" that differential standards were applied to Asian and

7

Filipino applicants as compared to non-Asian and non-Filipino applicants (Second Amd. Compl. ¶¶ 22, 39). *Of course* defendants have denied this allegation and continue to do so — that is, they have denied and continued to deny that they hired in a discriminatory fashion in violation of the civil-rights statutes in issue. Plaintiffs' latest argument is essentially that because defendants denied liability, they are equitably estopped from relying on the statute of limitations. This plainly contradicts well-established law. "The defendant's statement or conduct must amount to a misrepresentation bearing on the necessity of bringing a timely suit; the defendant's mere denial of *legal liability* does not set up an estoppel." *Lantzy*, 31 Cal. 4th at 384 n. 18 (emphasis in original). Defendants' continued denial of racial discrimination in the 7371 hiring process amounts to nothing more than such a denial of legal liability.

\*         \*         \*

As the Supreme Court has explained, "[s]tatutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system." *Bd. of Regents of Univ. of State of N. Y. v. Tomanio*, 446 U.S. 478, 487 (1980). Plaintiffs' claims here are time barred. Plaintiffs apparently failed to do any investigation into the 7371 hiring until after other plaintiffs already filed actions. They essentially let their purported claims sit for five years without the slightest inquiry. Such delay undoubtedly prejudices defendants ability to mount a defense, given the inevitabilities of fading memories, loss of evidence, and changing personnel. To expect the City, County and their employees to defend such a stale action would ignore the very value of a statute of limitations.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**. Judgment will be entered accordingly. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 14, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8